IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DARNELL HENDRICKS, a/k/a HENDRICK DARNELL JONES, TDCJ No. 2404694, | § § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:23-cv-1606-B-BN |
| DIRECTOR, TDCJ-CID, | § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

Texas prisoner Darnell Hendricks, a/k/a Hendrick Darnell Jones, (Jones) was convicted in Dallas County of murder and trafficking a child to engage in sex. *See State v. Jones*, Nos. F-2200303-S, F-2275667-S (282d Jud. Dist. Ct., Dall. Cnty., Tex. July 14, 2022). There is no record that Jones filed a direct appeal. But the Texas Court of Criminal Appeals (CCA) denied without written order his application for a writ of habeas corpus as to the murder conviction on May 24, 2023. *See Ex parte Jones*, WR-94,573-02 (Tex. Crim. App.).

Jones then filed a *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2254 in the Southern District of Texas and paid the filing fee. *See* Dkt. No. 1. After that application was transferred to this district, *see* Dkt. No. 3, United States District Judge Jane J. Boyle referred it to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

As ordered, Jones refiled his claims on the appropriate form. *See* Dkt. Nos. 7,

8. But, like his initial application, Jones's amended Section 2254 application reflects that he intends to collaterally attack both his murder conviction and his trafficking conviction. *See* Dkt. No. 8 at 1.

As to the trafficking conviction, because Jones failed to submit the factual and legal basis of any claim concerning that conviction to the highest available state court for review in a procedurally correct manner – which, in Texas, means presenting a claim to the CCA in a petition for discretionary review or in an application for state post-conviction relief – Jones has not properly exhausted his state remedies as to this criminal judgment. *See* 28 U.S.C. § 2254(b)(1)(A); *Loynachan v. Davis*, 766 F. App'x 156, 159 (5th Cir. 2019) ("A federal court may not grant habeas relief unless the petitioner 'has exhausted the remedies available in the courts of the State.'" (quoting 28 U.S.C. § 2254(b)(1)(A))).

And, because Jones includes potentially exhausted claims (as to the murder conviction) with clearly unexhausted claims (as to the trafficking conviction) in the same Section 2254 application, this "'mixed' petition" should be dismissed without prejudice to allow Jones to exhaust state remedies as to the trafficking conviction through an initial application for state habeas relief. *Alexander v. Johnson*, 163 F.3d 906, 908 (5th Cir. 1998) ("A habeas petition containing both exhausted and unexhausted claims is a 'mixed' petition which should be dismissed without prejudice." (citing *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Whitehead v. Johnson*, 157 F.3d 384, 387 & n.6 (5th Cir. 1998))); *see also Sam v. Louisiana*, 409 F. App'x 758, 763 (5th Cir. 2011) (per curiam) ("A federal district court may not adjudicate a habeas

petition unless all claims in the petition are exhausted." (citing *Rhines v. Weber*, 544 U.S. 269, 274 (2005))); *Panetti v. Cockrell*, 73 F. App'x 78, 2003 WL 21756365, at *2 (5th Cir. 2003) (per curiam) (observing that the "mixed" petition rule would not apply where a "state procedural rules would prevent the petitioner from subsequently raising his unexhausted claims in state court," such as where a petitioner could "not raise his unexhausted claims in a subsequent state habeas petition" due to "Texas's abuse of the writ doctrine" (citations omitted)).

<u>In the alternative</u>, within the time to file objections to this recommendation (further explained below), Jones may amend his Section 2254 application to reflect that he only seeks federal habeas relief as to his murder conviction. *Cf.* RULE 2(e), RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS ("A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court."); *Castillo v. McCain*, Civ. A. No. 15-2376, 2017 WL 1232444, at *2 n.7 (E.D. La. Feb. 9, 2017) (declining to require "separate federal applications as to each of the convictions imposed in different sections or divisions of the [same state court]" but observing that some federal courts have "broadly applied" Habeas Rule 2(e) "to preclude such challenges to separate state judgments even in the same court" (citations omitted)), *rec. adopted*, 2017 WL 1211610 (E.D. La. Apr. 3, 2017), *C.O.A. denied*, 2018 WL 11438212 (5th Cir. Feb. 27, 2018).

### Recommendation

Unless, within the time to filing objections, Petitioner Darnell Hendricks, a/k/a

Hendrick Darnell Jones amends his application for a writ of habeas corpus to include only claims that have been exhausted, the Court should dismiss the application under Rule 4 of the Rules Governing Section 2254 Cases without prejudice to Petitioner's right to properly exhaust his state remedies as all claims presented.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 11, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE